10394, 10395.   KNOWLES *v.* WESTERN AND ATLANTIC RAILROAD
COMPANY *et al.*

LUKE, J.   In this case an interstate carrier was sued for personal injuries, under the Federal employer's liability act. The evidence discloses that on a rainy night the plaintiff was walking, with a lighted lantern, beside a railroad-track, and fell into a ditch or underpass, with which he was familiar, and was thus injured. The plaintiff testifies that he was engrossed with his duty and for the moment did not realize the danger or the proximity of the underpass. The rule announced in the case of *King* v. *S. A. L. Ry.*, 1 *Ga. App.* 88 (58 S. E. 252), cannot be extended so as to apply to this case. The evidence here does not show that any negligence of the defendant caused the injury, and on the other hand the evidence shows that the injury was the result of the plaintiff's own negligence and lack of ordinary care. See Civil Code (1910), § 3130; Jacobs *v.* Southern Railway Co., 241 U. S. 229 (36 Sup. Ct. 588, 60 L. ed. 970); *Southern Ry. Co.* v. *Blackwell*, 20 *Ga. App.* 630 (93 S. E. 321). It may be further stated that the evidence discloses that there was a safe way around the place where plaintiff was injured, and that this way was known to him.

2. It was not error to sustain the general demurrer of the Seaboard Air-Line Railway. The petition alleged no act of negligence which made that defendant a joint tort-feasor, owing the plaintiff a duty.

3. It was not error for the court to grant a nonsuit.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED OCTOBER 9, 1919.

Action for damages; from Bartow superior court—Judge Tarver. January 16, 1919.

The action was against the Western and Atlantic Railroad Company and the Seaboard Air-Line Railway jointly for injuries to a brakeman of a freight-train of the first-named company, who fell through an opening between cross-ties when walking at the side of tracks over an underpass, on his way to reach the engine of his train. The underpass was crossed by tracks of both of the defendant companies, and it was alleged that it was a general practice of employees of both companies to walk across the underpass when necessary in the performance of their duties, that this was known to the defendants, and that the defendants were negligent in not covering with planks the openings between the tracks. The plaintiff testified that it was dark and raining, that his lantern-globe was wet and the lantern threw light "just a couple of steps" ahead of him, and he did not see a hole in the underpass before he stepped into it, that at the time his mind was on his work, that his duty was to get to the engine (which was at the distance of two or three cars from him) as quick as he could, and he was hurrying towards it. A general demurrer of the Seaboard Air-Line Railway to the plaintiff's petition was sustained, and the main bill of exceptions assigns error on this ruling and on the grant of a nonsuit. The Western & Atlantic Railway Company, in a cross-bill of exceptions, assigns error on the overruling of its demurrer to the petition.

*Lawton Nalley, A. W. Fite,* for plaintiff.

*Tye, Peeples & Tye, Neel, Finley & Neel,* for defendants.